UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERRICK HAYES,

    Plaintiff,

v.                                                      CASE NO. 8:17-cv-609-T-26AAS

UNITED STATES OF AMERICA,

    Defendant.

                                                /

## <u>O R D E R</u>

**BEFORE THE COURT** is Plaintiff's timely Motion to Vacate, Set Aside, or Correct Sentence filed, *pro se*, pursuant to 28 U.S.C. § 2255 with supporting memoranda of law[1] and the Government's Response.[2] Although the Plaintiff was afforded the opportunity to file a reply by September 29, 2017,[3] he has failed to do so. After carefully reviewing the motion, response, and the record of the prior criminal proceedings,[4] as

---

[1] See docket 1 (original motion). This Court directed Plaintiff to file an amended motion in compliance with Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings for the United States District Courts, or the memorandum referred to in his initial motion. See docket 3 (order). Plaintiff complied by filing the memorandum, which is sealed based on the improper disclosures of the minor victims' full names. See docket 4 (memorandum) and docket 6 (order sealing docket 4).

[2] See docket 11.

[3] See docket 13.

[4] See Case No. 8: 14-cr-53-T-26AAS.

required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court concludes that the motion is due to be summarily denied.

**BACKGROUND**

Plaintiff was indicted for and convicted of one count of conspiracy to engage in sex trafficking of minors by force or coercion, and two counts of trafficking minors to engage in sex acts, each count addressing a different minor.[5] In December 2012, Plaintiff took two fourteen-year-old girls to his home where they saw he had possession of a gun. He then gave them marijuana and had sex with one of them. He proceeded to take them to a drug house where he directed them to have sex with his drug associates. At his direction, Plaintiff's co-conspirator Ms. Jones transported the girls to a hotel room and arranged for them to have sex with multiple people. She eventually advertised them online using a cell phone. Plaintiff applied some of the money collected from the paying individuals to continue renting the hotel room. Plaintiff threatened and abused his co-conspirator in front of the girls and also threatened the girls, controlling them through fear. One of the girls suffered painful injuries from the repeated rapes which required medical attention. Both suffered and continue to suffer emotional pain from their

---

[5] See docket 1 (indictment) and 42 (judgment and sentence) in Case No. 8:14-cr-53-T-26AAS. Before the scheduled trial, a notice of maximum penalties was filed, which stated that count one carried a maximum sentence of life in prison with supervised release of two to five years and the other two counts carried a minimum of fifteen years and a maximum of life per count with supervised release from five years to life per count. See docket 32 in Case No. 8:14-cr-53-T-26AAS.

experiences as evidenced through nightmares and the inability to form normal relationships.

Just before trial, Plaintiff withdrew his plea of not guilty and entered an open plea of guilty to all three counts on September 25, 2014.[6] At the plea hearing, Plaintiff admitted he was "fully and completely satisfied with the advice and representation" that Mr. O'Brien had given him in the case.[7] Plaintiff orally stipulated that the Government could prove his guilt beyond a reasonable doubt as to each of the three charges in the indictment.[8]

Plaintiff was sentenced on December 12, 2014, to 360 months (thirty years) of imprisonment to run concurrently on all three counts, to be followed by supervised release for life on counts two and three, and for five years on count one.[9] The guideline imprisonment range was 360 months to life, based on a total offense level of forty-two and a criminal history category of VI. The probation office recommended the guidelines range of 360 months to life in prison. Mr. O'Brien argued that the "parity" provision of § 3553(a) required the imposition of "the lowest permissible sentence allowed by law"

---

[6] See docket 33 (clerk's minute entry of 9/25/2014) and docket 60 (transcript of change of plea hearing) in Case No. 8:14-cr-53-T-26AAS.

[7] See docket 60, pages 9-10 in Case No. 8:14-cr-53-T-26AAS.

[8] See docket 60, pages 25-26 and 30 in Case No. 8:14-cr-53-T-26AAS.

[9] See docket 42 in Case No. 8:14-cr-53-T-26AAS.

and therefore requested 180 to 240 months' (fifteen to twenty year's) imprisonment.[10] He further argued that Plaintiff's horrific childhood should be considered together with the favorable treatment awarded Manuel Walcott, an unrelated but arguably comparable defendant who was sentenced in 2010 for trafficking a child and an eighteen-year-old to twenty years' imprisonment.[11] The Government urged a sentence for Plaintiff of thirty-five to forty years' imprisonment.[12]

Plaintiff appealed his low-end guideline sentence as substantially unreasonable.[13] His conviction and sentence were affirmed.[14] The Eleventh Circuit ruled that the 360-month sentence was "well below the statutory maximum of imprisonment for life, [and] addressed the need 'to protect the public' and to 'deter future criminal history' and accounted for [Plaintiff's] 'history and characteristics.'" (citation omitted).[15] In differentiating Walcott from Plaintiff, the Eleventh Circuit noted:

> [Plaintiff] was the leader of the conspiracy, mistreated the minor victims, and amassed substantial criminal history points for crimes involving firearms and crimes of violence, and was not similarly situated to Walcott, who had been apprehended

---

[10]  See docket 39, pages 1-2 in Case No. 8:14-cr-53-T-26AAS.

[11]  See docket 39, page 3, and docket 49, pages 7-8 and 16, in Case No. 8:14-cr-53-T-26AAS.

[12]  See docket 49, pages 12-13, in Case No. 8:14-cr-53-T-26AAS.

[13]  See dockets 45 and 54 in Case No. 8:14-cr-53-T-26AAS.

[14]  See docket 54 in Case No. 8:14-cr-53-T-26AAS.

[15]  See docket 54, page 2, in Case No. 8:14-cr-53-T-26AAS.

> during a sting operation and had a lower criminal history category.[16]

"[O]nce a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)).

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Plaintiff's claims of ineffective assistance of counsel are governed by the two-part standard established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Eleventh Circuit has explained the test as requiring the petitioner to "show both incompetence and prejudice: (1) he must show that 'counsel's representation fell below an objective standard of reasonableness,' and (2) he must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Kokal v. Sec'y Dep't of Corrs., 623 F.3d 1331, 1344 (11th Cir. 2010) (citing and quoting Strickland, 466 U.S. at 687-88, 694, 104 S.Ct. at 2064, 2068). The Court is not required, however, to consider them in any order, and if prejudice against the Plaintiff is determined, then the adequacy of counsel's performance need not be measured. Kokal, 623 F.3d at 1344-45. In the context of a guilty plea, as in this case, the prejudice factor requires that the plaintiff show by "a

---

[16] See docket 54, pages 2-3, in Case No. 8:14-cr-53-T-26AAS.

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Applying these principles, the Court addresses each of Plaintiff's two grounds for ineffective assistance of counsel in the investigative, plea, and sentencing phases.

## GROUND ONE

Plaintiff claims that his counsel failed to investigate before his plea, the contradictory, unreliable statements made by the two minor victims and his co-conspirator Ms. Jones as well as their lack of credibility .[17] Plaintiff argues that a thorough review of the witness statements would have disclosed the absence of an evidentiary predicate for any conviction. Had counsel investigated the discrepancies and explained the possible "defense" of impeaching the witnesses using their inconsistent statements at trial, Plaintiff alleges he would not have pleaded guilty and would have proceeded to trial. Plaintiff has therefore alleged the necessary prejudice in the context of a guilty plea. See Hill, 474 U.S. at 59 (requiring allegation that defendant would not have pleaded guilty and would have insisted on going to trial but for counsel's errors).

The first two contradictory statements cited by Plaintiff show that Ms. Jones indicated she and both minor girls engaged in prostitution at the hotel, while one of the minors' stated that she never saw Ms. Jones engage in prostitution. Another example

---

[17] See docket 4, pages 4-5.

reveals a discrepancy concerning exactly how one of the minors met Plaintiff, either 1) with Ms. Jones while the two minors were walking on a particular street, or 2) without Ms. Jones when Plaintiff exited from a cab on that same street. A third instance illustrates that one of the minors made contradictory statements to police officers regarding whether Ms. Jones continued to use her for prostitution after the minor complained of pain. Plaintiff contends that these are just three examples of many inconsistent stories told by the three females, and counsel could have successfully impeached these witnesses on the stand at a trial.

Plaintiff's allegations have no merit and may be summarily denied.[18] Prior to his guilty plea, his counsel met with him on multiple occasions as documented in counsel's case notes and explained in counsel's affidavit.[19] Plaintiff had the reports that contained the witness interviews, which were forwarded to and discussed with Plaintiff.[20] After Plaintiff rejected the plea agreements, counsel wrote to Plaintiff that he intended to continue to interview all potential witnesses.[21] Shortly thereafter, counsel informed

---

[18] An evidentiary hearing is unnecessary where the record makes "manifest the lack of merit of a Section 2255 claim." United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984).

[19] See docket 11-1 and 11-2.

[20] See docket 11-1, page 2.

[21] See docket 11-1, page 3, and docket 60, page 9, in Case No. 8:14-cr-53-T-26AAS ("COURT: Mr. Hayes, did Mr. O'Brien, in fact, discuss with you these two plea agreements? DEFENDANT: Yes, Sir.").

Plaintiff that his witnesses did not show up to talk.[22] Counsel avers that, in his opinion, the witnesses' "collective and/or individual credibility could [not] be damaged enough to establish reasonable doubt with a jury."[23] He further swears that he explained this reasoning to Plaintiff on numerous occasions.[24]

Counsel's notes reflect that just prior to trial, he discussed with Plaintiff the significance of pleading open without an agreement.[25] At the plea hearing, Plaintiff gave no indication he was dissatisfied with counsel's representation. He admitted that counsel discussed with him all the evidence the Government intended to use to convict him on all three counts:

> THE COURT: [P]rior to this proceeding, did you, in fact, have an opportunity to meet with Mr. O'Brien, to review and to discuss with him the Indictment that's been returned against you by the grand jury, to review and to discuss with him what evidence the government may have to convict you of these offenses, to review and to discuss with him what options you may have and to otherwise seek out his counsel and advice?
> THE DEFENDANT: Yes, sir.
> THE COURT: Are you fully and completely satisfied with the advice and representation he's given you?
> THE DEFENDANT: Yes, sir.[26]

---

[22] See docket 11-1, page 8.

[23] See docket 11-2, page 2.

[24] See docket 11-2, page 2.

[25] See docket 11-1, page 9.

[26] See docket 60, page 9.

The evidence included the alleged inconsistent statements of the three females.

In reviewing the articulated statements cited by Plaintiff, none of them reveal any inconsistencies that would negate any of the elements of the offenses. Whether Ms. Jones also engaged in prostitution is irrelevant to the sex trafficking of the two minor girls. The precise circumstances surrounding the moment the girls met Plaintiff– either walking on the street or exiting a cab– is inconsequential to the crimes. Whether Ms. Jones continued to use or ceased to use for prostitution one of the minor girls after she suffered bodily injury does not change the evidence to support the convictions of the offenses in the indictment, which were already committed at that point in time. Thus, the insubstantial inconsistencies in the statements are unlikely to have produced a different outcome had Plaintiff gone to trial. In any event, the record shows that counsel fully explored with Plaintiff the absence of any positive effect the statements would have had at trial, and thus, Plaintiff was fully informed at the time he entered his guilty plea. Plaintiff has failed to demonstrate prejudice by counsel's failure to investigate the inconsistent statements, which the record shows would not have formed the basis of any defense with merit.

**GROUND TWO**

(enumerated "four" in the motion)

Plaintiff claims his counsel was ineffective for failing to file a motion to suppress the unreliable statements of the two minors and Ms. Jones set forth in ground one, and for

failing to object to one particular application of the sentencing guidelines, which provides for a two-level enhancement "[i]f the offense involved the use of a computer or an interactive computer service to . . . entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." U.S.S.G. § 2G1.3(b)(3)(B).

### *Failure to Move to Suppress Statements – Investigative-Stage Claim*

As discussed above, Plaintiff entered a knowing and voluntary guilty plea. In any event, no prejudice has been shown by counsel's failure to file a motion to suppress had Plaintiff not pleaded guilty. There is no reasonable probability that the outcome of the case would have been different if his counsel had argued to suppress the statements that Plaintiff admitted were true in his plea colloquy. Cf. Jones v. United States, 224 F.3d 1251, 1258 (11th Cir. 2000) (noting Strickland requirement that defendant must show reasonable probability outcome would have been different if counsel had argued for suppression). Counsel cannot be faulted for failing to file meritless motions. See Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (finding counsel not ineffective for failing to raise issues that lack merit).

### *Failure to Object to Guidelines Scoring – Sentencing-Stage Claim*

The Presentence Investigation Report (PSR) prepared by the probation office set Plaintiff's total offense level at forty-two, which included an increase of two points under U.S.S.G. § 2G1.3(b)(3)(B) because the offense involved the use of a computer to solicit a

person to engage in illegal sexual conduct. Counsel did not object to the two-point enhancement under U.S.S.G. § 2G1.3(b)(3)(B).

In this case, Ms. Jones, Plaintiff's co-conspirator, used a cell phone to place advertisements concerning the girls online. Plaintiff is responsible for the conduct of his co-conspirator. See Smith v. United States, 568 U.S. 106, 133 S.Ct. 714, 184 L.Ed.2d 570 (2013) (holding that defendant remains guilty of conspiracy for acts occurring until withdrawal from the conspiracy). A cell phone constitutes a computer for purposes of U.S.S.G. § 2G1.3(b)(3)(B). See United States v. Hill, 783 F.3d 842, 845-46 (11th Cir. 2015) (noting that a cell phone is a kind of computer and holding that defendant's use of his cell phone to place online ads offering young girls for prostitution falls within the enhancement). Even though Plaintiff was not aware of the online ads until after they were posted, the offense he was charged with and pleaded guilty to involved a computer and therefore enhancement was proper. See United States v. Carmona, 625 F. App'x 963, 967-68 (11th Cir. 2015) (unpublished opinion) (holding that even though defendant did not take the photographs of the minor, it was reasonably foreseeable his co-conspirator would use the photographs in ads for solicitation of prostitution and he was responsible for co-conspirator's conduct). In any event, Plaintiff cannot demonstrate prejudice because a two-point reduction would change the total offense level to forty with a

criminal history category of VI, which would result in the same advisory guideline range of 360 months to life imprisonment.[27]

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DENIED.** The Clerk is directed to enter judgment for Defendant, to terminate all deadlines and pending motions, and to **CLOSE** this case.

Additionally, the Court declines to issue a certificate of appealability because Plaintiff has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court permit Plaintiff to proceed to appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1951(a)(3). Instead, Plaintiff will be required to pay the full amount of the appellate filing fee pursuant to §§ 1951(b)(1) and (2).

**DONE AND ORDERED** at Tampa, Florida, on October 6, 2017.

   s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

---

[27] As an added note, counsel responds that not only was U.S.S.G. § 2G1.3(b)(3)(B) correctly applied, but the probation office overlooked U.S.S.G. § 4B1.5(b)(1), which would have resulted in five offense levels higher. See docket 11-2, page 3.

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, *pro se*